IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

| | |
|---|---|
| MALIBU MEDIA, LLC, | |
|     Plaintiff, | 13-cv-00205-wmc |
|     v. | |
| JOHN DOE subscriber assigned IP address 24.183.51.58, | ORDER |
|     Defendant. | |

_____

| | |
|---|---|
| MALIBU MEDIA, LLC, | |
|     Plaintiff, | 13-cv-00207-wmc |
|     v. | |
| JOHN DOE subscriber assigned IP address 71.13.250.95, | |
|     Defendant. | |

_____

| | |
|---|---|
| MALIBU MEDIA, LLC, | |
|     Plaintiff, | 13-cv-00208-wmc |
|     v. | |
| JOHN DOE subscriber assigned IP address 71.87.100.125, | |
|     Defendant. | |

_____

| | |
|---|---|
| MALIBU MEDIA, LLC, | |
|     Plaintiff, | 13-cv-00209-wmc |
|     v. | |
| JOHN DOE subscriber assigned IP address 98.125.121.178, | |
|     Defendant. | |

_____

| | |
|---|---|
| MALIBU MEDIA, LLC, | |
|     Plaintiff, | 13-cv-00315-wmc |
|     v. | |
| JOHN DOE subscriber assigned IP address 24.177.123.74, | |
|     Defendant. | |

_____

| | |
|---|---|
| MALIBU MEDIA, LLC, | |
|     Plaintiff, | 13-cv-00317-wmc |
|     v. | |
| JOHN DOE subscriber assigned IP address 24.183.92.115, | |
|     Defendant. | |

_____

MALIBU MEDIA, LLC,
    Plaintiff,                                                             13-cv-00318-wmc
        v.
JOHN DOE subscriber assigned IP address 24.196.90.111,
    Defendant.
_____

MALIBU MEDIA, LLC,
    Plaintiff,                                                             13-cv-00319-wmc
        v.
JOHN DOE subscriber assigned IP address 66.168.17.59,
    Defendant.
_____

MALIBU MEDIA, LLC,
    Plaintiff,                                                             13-cv-00320-wmc
        v.
JOHN DOE subscriber assigned IP address 71.10.117.251,
    Defendant.
_____

MALIBU MEDIA, LLC,
    Plaintiff,                                                             13-cv-00321-wmc
        v.
JOHN DOE subscriber assigned IP address 71.90.19.244,
    Defendant.
_____

MALIBU MEDIA, LLC,
    Plaintiff,                                                             13-cv-00322-wmc
        v.
JOHN DOE subscriber assigned IP address 97.86.116.18,
    Defendant.
_____

       In the above-captioned related cases, the Electronic Frontier Foundation ("EFF") seeks permission to file an *amicus* brief responding to the court's order that plaintiff Malibu Media show cause why it should not be sanctioned for its practice of submitting seemingly unrelated, BitTorrent download activity as a separate "Exhibit C" to each copyright complaint, listing other, typically more outrageous titled of illegally downloaded videos not subject to plaintiff's copyright. Specifically, the order questions

what pleading purpose would this conduct serve other than the illegitimate purpose of harassing defendants into early settlements, in violation of Fed. R. Civ. P. 11(b).

EFF has no direct connection to any of the defendants at suit, but is interested in this type of BitTorrent copyright litigation as part of its larger mission to protect "civil liberties and free expression in the digital world," and has been following similar suits filed by Malibu Media around the country.  EFF's *amicus* brief argues in favor of sanctions, contending that because (1) there is no valid reason to attach and file "Exhibit C" with the complaint; and (2) Exhibit C contains even more embarrassing information that would tend to encourage a defendant to quickly and quietly settle, the court may find that its true purpose is to harass.  Malibu Media has since filed its formal objection both to this motion and to the substance of its arguments generally.

The policy of the Seventh Circuit, which this court typically follows, is to "grant permission to file an *amicus* brief if one or more of the following three things are true:  (1) a party is not adequately represented (usually, is not represented at all); (2) when the would-be *amicus* has a direct interest in another case, and the case in which he seeks permission to file an *amicus curiae* brief, may by operation of *stare decisis* or *res judicata* materially affect that interest; *or* (3) when the *amicus* has a unique perspective, or information, that can assist the court of appeals beyond what the parties are able to do." *Nat'l Org. for Women, Inc. v. Scheidler*, 223 F.3d 615, 617 (7th Cir. 2000).

Both the first and third factors counsel in favor of accepting EFF's *amicus* submission.  Given the nature of the conduct alleged in these lawsuits, many of the defendants are unlikely to appear with or without counsel unless absolutely required.

3

Moreover, the defendants have little incentive to litigate preliminary disputes such as this one aggressively. EFF's presence ensures that their interests at this early stage are adequately represented. Further, because EFF has been following these cases closely for some time, it appears able to offer a uniquely informed and experienced perspective on the role of "Exhibits C" in Malibu's copyright litigation, something a typical "one-off" defendant could not possibly provide. Finally, since no defendant has yet filed an appearance in this matter, EFF can supply an opposing viewpoint otherwise unavailable to the court.

## ORDER

IT IS ORDERED that:

(1) the Electronic Frontier Foundation's motion for leave to file its *Amicus Curiae* brief in each of the captioned cases is GRANTED and its brief attached as Exhibit 1 to EFF's July 15, 2013, motion shall be deemed filed.

(2) the court will also consider on the merits the arguments advanced by Malibu Media in opposition to that motion; and

(3) Malibu Media may have until Wednesday, July 24, 2013, to file any further response to this *amicus* brief.

Entered this 18th day of July, 2013.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge